IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00295-MSK

CONTROLTEC, LLC,
ENERGEX ENTERPRISES, INC.,

    Plaintiffs,

v.

ANTHONY DOORS, INC., d/b/a ANTHONY INTERNATIONAL,
ANTHONY DOORS,
ANTHONY, INC., a/k/a ANTHONY MANUFACTURING CO., INC.,

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, DEEMING SAME TO BE A MOTION FOR PRELIMINARY INJUNCTION, AND DIRECTING SERVICE OF PROCESS AND A RESPONSE TO THE MOTION

    THIS MATTER comes before the Court on the Plaintiffs' Motion for Temporary Restraining Order **(#2)**. Having reviewed the pleadings filed thus far, the Court

    **FINDS** that:

    1.    The Motion makes no reference to the Complaint **(#1)**. However, the Court has construed the Complaint's allegations in support of the motion.

    2.    This action is based upon a written contract **(#2, Exh. A)** which the parties entered into in resolution of Civil Action No. 02-cv-00397-JLK. According to the Complaint, the Plaintiffs agreed to develop and manufacture an anti-sweat control device for refrigeration doors, and the Defendants[1] performed under the contract by making payments and providing expertise

---

[1] The Court cannot determine from the Plaintiffs' pleadings how many Defendants are named in this case, although there appear to be three.

and testing laboratories. The Plaintiffs allege that the Defendants are wrongfully attempting to cancel the contract pursuant to paragraphs 7.1 and 7.2 of the contract, which provide for the contract's termination only in specified circumstances.

3. In the case at bar, the Court's subject matter jurisdiction is unclear. Civil Action No. 02-cv-00397-JLK was closed upon the parties' written stipulation to dismiss the case with prejudice. The district court issued no order retaining jurisdiction to enforce the parties' settlement agreement.

The Plaintiffs invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1332. However, the Complaint fails to demonstrate complete diversity or that the amount in controversy exceeds $75,000. One of the Plaintiffs is a limited liability company. A limited liability company is deemed to be a resident of all states in which any of its members reside. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990)*; see also GMAC Commercial Credit, LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 828-29 (8th Cir. 2004). The Complaint does not identify the states in which each of the members of ControlTec, LLC reside. Furthermore, the only relief sought in the Complaint is an injunction for which no facts with respect to the amount in controversy are pled.

4. The Plaintiffs have failed to make a facial showing that they are entitled to injunctive relief. To obtain such relief, the moving party must show by verified Complaint or Affidavit facts to establish: (1) a likelihood of success on the merits; (2) that it will suffer immediate and irreparable harm if no injunction issues; (3) the threatened injury outweighs any injury to the opposing party if an injunction issues; and (4) an injunction would not be adverse to the public interest. *See Wiechmann v. Ritter*, 44 Fed. Appx. 346, 347 (10th Cir. 2002) (not selected for publication in the Federal Reporter) (citing *Country Kids 'N City Slicks, Inc. v.*

*Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996) (addressing standard for a preliminary injunction)).[2]

The Complaint is not verified and the affidavit supporting the Motion fails to make a facial showing as to the second, third and fourth requirements. The assertions of irreparable harm in the supporting affidavit are conclusory and speculative, there are no facts from which the Court can determine immediacy, and there are no allegations addressing any injury to the opposing parties or to the public interest.

     5.    The Plaintiffs also have not shown that a temporary restraining order can issue pursuant to Fed. R. Civ. P. 65(b). This rule provides in relevant part:

> (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

The Motion's Rule 7.1 certification is not sufficient to establish that the Plaintiffs have given notice of the Motion to each Defendant or their attorneys. The Motion states that a copy of the Motion was provided to "counsel for the Defendant" but it does not specify to whom the Plaintiffs provided it, whether such person is counsel for all of the Defendants, when, or how it was provided (*i.e.*: whether it was actually received by defense counsel).

     Therefore, the Court must treat the Motion as one seeking relief without notice. As such, the Plaintiffs have not made an adequate showing under Rule 65(b). The affidavit in support of the Motion does not establish that the Plaintiffs will face immediate and irreparable harm if no

---

[2] A copy of *Wiechmann* is attached to this Order.

temporary restraining order is issued before the Defendants can respond to the Motion. For the reasons previously stated, the Motion also fails to adequately certify the efforts made to give notice to the opposing parties or counsel.

**IT IS THEREFORE ORDERED** that:

1. The Plaintiffs' request for a temporary restraining order is **DENIED**. The Motion for Temporary Restraining Order **(#2)** is **CONVERTED** into a Motion for Preliminary Injunction.

2. On or before close of business on **February 23, 2006**, the Plaintiffs shall personally serve a summons, Complaint, a copy of the Motion for Preliminary Injunction **(#2)**, and a copy of this Order upon each Defendant.

3. On or before **March 6, 2006**, the Defendants shall file a response to the Motion for Preliminary Injunction.

4. On or before **March 6, 2006**, the Plaintiffs shall **SHOW CAUSE** why their claims should not be dismissed for lack of subject matter jurisdiction.

Dated this 22nd day of February, 2006

                                           BY THE COURT:

                                           Marcia S. Krieger
                                           United States District Judge



44 Fed.Appx. 346
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))
**(Cite as: 44 Fed.Appx. 346)**

Briefs and Other Related Documents

This case was not selected for publication in the Federal ReporterThis case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
Sylvia Campo WIECHMANN, Petitioner-Appellant,
v.
William RITTER; Gary Pangus; Michael Vallejos; Shelley Gilman; Stephan Phillips; Bay County Sheriff, Respondents-Appellees.
No. 02-1146.
D.C. No. 02-Z-177.

July 26, 2002.

Petitioner appealed from the district court's denial of her motion for a temporary restraining order/preliminary injunction. The Court of Appeals held that court did not abuse its discretion in denying motion for a temporary restraining order/preliminary injunction seeking release from allegedly illegal confinement at mental health institution.

Affirmed.

West Headnotes

**Injunction 212**  **147**

212 Injunction
    212IV Preliminary and Interlocutory Injunctions
        212IV(A) Grounds and Proceedings to Procure
            212IV(A)4 Proceedings
                212k147 k. Counter Affidavits and Other Evidence. Most Cited Cases

**Injunction 212**  **150**

212 Injunction
    212IV Preliminary and Interlocutory Injunctions
        212IV(A) Grounds and Proceedings to Procure
            212IV(A)4 Proceedings
                212k150 k. Restraining Order Pending Hearing of Application. Most Cited Cases

District court did not abuse its discretion in denying motion for a temporary restraining order/preliminary injunction seeking release from allegedly illegal confinement at mental health institution; movant failed to allege any facts indicating that she would suffer immediate and irreparable harm if the requested injunctive relief was not granted, failed to establish a substantial likelihood that she would ultimately prevail on the merits of her habeas application, and failed to show that the threatened injury outweighed any damage the injunction might cause the opposing party, or that the requested injunctive relief would not be adverse to the public interest.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT*

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

44 Fed.Appx. 346
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))
**(Cite as: 44 Fed.Appx. 346)**

Petitioner Sylvia Campo Wiechmann, appearing pro se, appeals the district court's denial of her motion for a temporary restraining order/preliminary injunction. We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.

On January 29, 2002, Wiechmann filed a motion and related pleadings for a "ederal injunction," alleging she was being illegally confined at the Colorado Mental Health Institution in Pueblo, Colorado. She argued that she was a federal judge and that, in order to be criminally prosecuted or involuntarily committed, she first must be impeached. On February 15, 2002, she filed an application for a writ of habeas corpus, again alleging she was being illegally confined. On March 12, 2002, the magistrate judge directed her to file an amended habeas application because her initial filing was unclear and did not comply with **\*347**Federal Rule of Civil Procedure 8(a) and (e)(1). The magistrate granted Wiechmann thirty days to amend her application and directed that if she failed to do so, the action would be dismissed without further notice.

On March 15, 2002, the district court rejected Wiechmann's initial pleadings, which it construed as a motion for temporary restraining order and/or preliminary injunction. The court found that she failed to allege any facts indicating that she would suffer immediate and irreparable harm if the requested injunctive relief was not granted. The court further concluded that Wiechmann failed to establish (1) a substantial likelihood that she would ultimately prevail on the merits of her habeas application, (2) that the threatened injury outweighed any damage the injunction might cause the opposing party, or (3) that the requested injunctive relief would not be adverse to the public interest.

We review a district court's denial of a temporary restraining order or preliminary injunction for an abuse of discretion. *See Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1243 (10th Cir.2001). A district court abuses its discretion if it "'ommits an error of law, or is clearly erroneous in its preliminary factual findings.'" *Id.* (quoting *ACLU v. Johnson,* 194 F.3d 1149, 1155 (10th Cir.1999)). To merit a temporary restraining order or preliminary injunction, the movant must establish that "1) [she] has a substantial likelihood of prevailing on the merits; (2) [she] will suffer irreparable injury if [she] is denied the injunction; (3) [her] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest." *Country Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1283 (10th Cir.1996). After carefully examining the record on appeal, we find no abuse of discretion on the part of the district court.

**\*\*2** We AFFIRM the denial of Wiechmann's motion for temporary restraining order/preliminary injunction. The motion for release pending appeal is DENIED. The motion to proceed in forma pauperis on appeal is DENIED.

C.A.10 (Colo.),2002.
Wiechmann v. Ritter
44 Fed.Appx. 346, 2002 WL 1902699 (C.A.10 (Colo.))

Briefs and Other Related Documents (Back to top)

- 02-1146 (Docket) (Mar. 26, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.